**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| SETH BENJAMIN ROUNTREE, | § | |
| | § | |
| V. | § | A-10-CA-252-SS |
| | § | |
| RICK THALER. Director, Texas Dept. Of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE SAM SPARKS
       UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss (Document 7) and Petitioner's response thereto (Document 9). Petitioner, proceeding pro se, has paid the applicable filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 26th Judicial District Court of Williamson County, Texas, in cause number 98-897-K26. On December 3, 1998, pursuant to a plea agreement, Petitioner pleaded guilty

to aggravated assault.  On January 7, 1999, the trial judge accepted the plea and sentenced Petitioner to 10 years deferred adjudication.   Subsequently, on May 14, 2007, the trial court revoked Petitioner's community supervision and sentenced him to five years imprisonment.

Petitioner did not appeal his conviction.  He did, however, challenge his conviction in three state applications for habeas corpus relief.  The Texas Court of Criminal Appeals denied the first application without written order on the findings of the trial court without a hearing on January 14, 2009.  Ex parte Rountree, Appl. No. 71,277-01 at cover.  The Texas Court of Criminal Appeals dismissed the second and third applications on November 25, 2009 and March 17, 2010, because they were successive applications.  Ex parte Rountree, Appl. No. 71,277-02 and -03.

**B.     Petitioner's Grounds for Relief**

Petitioner appears to raise the following grounds for relief with regard to his original plea of guilty to the aggravated assault:

1.     He is actually innocent of the offense, because he acted in self-defense;

2.     His due process rights were violated by trial counsel's ineffective assistance in that counsel:

   a.     failed to investigate the facts, evidence, or witnesses in this case,

   b.     failed to understand the law of self-defense; and

   c.     coerced Petitioner's guilty plea by persuading him that the law did not support his self-defense claim; and

3.     His guilty plea was involuntary because it was based on his attorney's misunderstanding of the law on self-defense.

**C.**     **Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application.   Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## DISCUSSION AND ANALYSIS

**A.**     **Statute of Limitations**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"].[1]   The AEDPA amended 28 U.S.C. § 2244 to provide a statute of limitations for applications for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.   That section provides, in relevant part:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

On January 7, 1999, after accepting Petitioner's guilty plea to aggravated assault, the court deferred a finding of guilt and placed Petitioner on ten years community supervision. Petitioner did not appeal this deferred adjudication order, making it final on February 8, 1999.[2] See Tex. R. App. P. 26.2(a). Therefore, Petitioner's federal application, challenging his original guilty plea, was due on or before February 8, 2000. Petitioner's federal application was not filed until April 12, 2010, long after the limitations period had expired. Petitioner's state applications did not operate to toll the limitations period, because they were filed after the limitations period had expired.

Petitioner argues he is actually innocent of the crime to which he pleaded guilty, because he acted in self-defense. The one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). The Fifth Circuit has previously held that such claims do not. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent."); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore,

---

[2] Thirty days from January 7, 1999 was Saturday, February 6, 1999. Therefore the time for filing was automatically extended to the following Monday, February 8, 1999. See Tex. R. App. P. 4.1.

4

Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. Accordingly, Petitioner's claims, challenging his plea of guilty to aggravated assault are time-barred.

## RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss [#7] be granted and Petitioner's application for habeas corpus relief be dismissed with prejudice as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim

of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 4th day of June, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE